

2012 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-2-2012

# Richard Byrd v. Merrill Lynch

Precedential or Non-Precedential: Non-Precedential

Docket No. 11-3130

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2012

Recommended Citation

"Richard Byrd v. Merrill Lynch" (2012). *2012 Decisions.* Paper 333.
http://digitalcommons.law.villanova.edu/thirdcircuit_2012/333

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2012 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3130
_____

RICHARD A. BYRD,
                    Appellant

v.

MERRILL LYNCH, a Wholly Owned Subsidiary of BANK OF AMERICA
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Civil No. 10-cv-00247)
District Judge:  Honorable Anne E. Thompson
_____

Submitted Under Third Circuit LAR 34.1(a)
September 13, 2012
_____

Before: SCIRICA, ROTH and BARRY, Circuit Judges

(Opinion Filed: October 2, 2012)
_____

OPINION
_____

BARRY, Circuit Judge

Richard A. Byrd, an African-American male, filed a two-count complaint in the

United States District Court against his former employer, Merrill Lynch, alleging that he

was terminated because of his race and sex, in violation of Title VII of the Civil Rights

Act of 1964, 42 U.S.C § 2000e et seq., and the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1 et seq.[1] It is fair to say that from the outset, Byrd has attempted to squeeze everything he can out of every allegation, every remark and every issue that even potentially has anything to do with race or sex. At the end of the day, however, as Merrill Lynch correctly observes, "This is a simple case . . . ." Appellee's Br. at 3.

The District Court considered all that was submitted to it and, in a lengthy and extraordinarily thorough opinion, carefully parsed the admissible evidence from the bare assertions and speculation; analyzed the weakness in Byrd's complaint that caused him to submit an affidavit disavowing his deposition testimony and proceed under a new, albeit also unavailing, theory; and concluded that Byrd's "attempts to cast doubt on [Merrill Lynch's] articulated legitimate reasons for terminating him are entirely unpersuasive" (App. 19) such that he is unable to carry his burden of proof on the issue of pretext, and that he had not presented even some evidence of discrimination sufficient for a reasonable jury to find in his favor under a mixed motive theory. Accordingly, the District Court granted Merrill Lynch's motion for summary judgment, and Byrd appealed.[2]

---

[1] NJLAD claims are analyzed under the same framework as claims brought under Title VII. Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1087-88 (3d Cir. 1996).

[2] The District Court had jurisdiction under 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291. Our review is plenary. Norfolk S. Ry. Co. v. Basell USA Inc., 512 F.3d 86, 91 (3d Cir. 2008). Viewing the facts in the light most favorable to Byrd, summary judgment is appropriate only if the record shows "that there is no genuine dispute as to any material fact and [Merrill Lynch] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

We, too, have considered all that has been submitted to us, and see neither reason nor need to issue an Opinion of our own which would do no more than track that which the District Court has so carefully crafted. Suffice it to say that, substantially for the reasons set forth in the Opinion of the District Court, we will affirm.